DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Michael Lashawn Spragling, ) | |
| ) | CASE NO. 5:07 CV 3098 |
| Petitioner-Defendant, ) | (Criminal Case No. 5:06 CR 239) |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent-Plaintiff. ) | |
| ) | |

### I. Introduction

The petitioner, Michael Lashawn Spragling, pled guilty to a series of offenses based on the indictment in criminal case number 5:06 CR 239. Thereafter, the defendant filed a notice of appeal in the Sixth Circuit and the appeal is pending in case number 07-3078. During the pendency of the appeal, the petitioner filed a habeas action which bears the case number in the heading of this order.

### II. Government's Motion to Dismiss

Counsel for the government filed a motion to dismiss the present action on October 24, 2007. (See Docket No. 207.)

Counsel for the petitioner now contends that extraordinary circumstances are pending in this case and cites Capaldi v. Pontesso, 135 F.3d 1122, 1124 (6th Cir. 1998) for the proposition that the motion to dismiss should be denied.

### III. The Timing of the Defendant's Guilty Plea

(5:07CV3098
5:06 CR 239)

In the criminal case, the Court impaneled a jury and during the second day of the trial, the defendant, represented by retained counsel, abandoned his not guilty plea and entered a plea of guilty following a lengthy colloquy between the Court and the defendant. Thereafter, the defendant, acting pro se, attempted to have his guilty plea set aside. The Court rejected the defendant's maneuver and sentenced him to a term of 262 months confinement.

### IV. The Decision in *Capaldi v. Pontesso* Reviewed

The Capaldi opinion is cited for the proposition of extraordinary circumstances justifying simultaneously a direct appeal and consideration of a habeas action under 28 U.S.C. § 2255.

In Capaldi, the circuit court did not find the existence of extraordinary circumstances and opined in part as follows:

> In so ruling, however, we note that Capaldi's direct appeal is apparently pending before the United States Court of Appeals for the Fifth Circuit. For substantially the same reasons expressed by the First Circuit in *United States v. Gordon* 634 F.2d 638, 638-39 (1st Cir. 1980), we now adopt the rule espoused by multiple Circuits that in the absence of extraordinary circumstances, a district court is precluded from considering a § 2255 application for relief during the pendency of the applicant's direct appeal. *See United States v. Davis*, 604 F.2d 474, 484 (7th Cir. 1979) ("Ordinarily a section 2255 action is improper during the pendency of an appeal from the conviction."); *Jack v. United States*, 435 F.2d 317, 318 (9th Cir. 1970) ("Except under the most unusual circumstances, not here present, no defendant in a federal criminal prosecution is entitled to have a direct appeal and a § 2255 proceeding considered simultaneously in an effort to overturn the conviction and sentence."); *Welsh v. United States*, 404 F.2d 333 (5th Cir. 1968) ("A motion to vacate sentence under 28 U.S.C. § 2255 will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot."); *Masters v. Eide* 353 F.2d 517, 518 (8th Cir. 1965) ("Ordinarily resort cannot be had to 28 U.S.C.A. § 2255 or habeas corpus while an appeal from conviction is pending."). An application under § 2255 is an extraordinary remedy and should

(5:07CV3098
5:06 CR 239)

>not be considered a substitute for direct appeal.  *Davis*, 604 F.2d at 484.  Moreover, determination of the direct appeal may render collateral attack by way of a § 2255 application unnecessary.  *Id.* at 484-485.
>
>Accordingly, the district court's judgment is affirmed.  Rule 9(b)(3), Rules of the Sixth Circuit.

## V.  Conclusion

The petitioner was represented by retained counsel and entered a plea of guilty during the second day of the trial and after devastating testimony against the defendant had already been received.  As previously indicated, the Court engaged the defendant in a lengthy discussion before accepting his pleas of guilty to the four counts.  The docket indicates that the transcript of the guilty plea is 45 pages in length.  Under the foregoing circumstances, the Court finds an absence of extraordinary circumstances and consequently, GRANTS the government's motion to dismiss the petition, but without prejudice to a renewal in the event the petitioner's conviction and sentence is affirmed by the Sixth Circuit.

IT IS SO ORDERED.

| | |
|---|---|
| October 30, 2007 | */s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |