DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHAEL LASHAWN SPRAGLING ) | CASE NO. 5:09 CV 0827 |
| ) | CASE NO. 5:06 CR 0239 |
| Petitioner, ) | |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Respondent. ) | |
| ) | |

Pending before the Court is Petitioner Michael Lashawn Spragling's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct Petitioner's sentence of 262 months imprisonment. ECF 304. The United States of America opposes. ECF 308. Respondent has replied. See ECF 313 filed July 2, 2009. Prior to receiving the petitioner's reply the Court issued a Memorandum Opinion and Judgment Entry denying the petitioner's motion. After receiving the petitioner's reply the Court vacated its previously issued Memorandum and Judgment Entry so that it would have the opportunity to review the petitioner's reply.

The Court has now reviewed the petitioner's reply to the government's response and finds that the reply has no new material in support of the petitioner's motion.

For the reasons discussed *infra* Petitioner's motion is denied.

**I. BACKGROUND**

On May 10, 2006, a federal grand jury in Cleveland, Ohio returned an indictment charging Petitioner and others with various drug, firearm, and money laundering offenses. Specifically, Petitioner was charged with:

(5:06 CV 239)

>    Count 1: conspiracy to distribute and to possess with the intent to distribute and to possess with the intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B);
>
>    Count 2: conspiracy to distribute and to possess with the intent to distribute 5 kilograms or more of cocaine, and 1 kilogram or more of heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A);
>
>    Count 3: engaging in a financial transaction with proceeds of a specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(A)(I); and
>
>    Count 4: the unlawful possession of a prohibited firearm, that is a machine gun, not registered to the defendant under the National Firearms Registration and Transfer Record, in violation 26 U.S.C. §§ 5841, 5861(d) and 5871.

The indictment stemmed from an Organized Crime Drug Enforcement Task Force (OCDETF) investigation, directed by DEA-Akron. A Title III wiretap of Spragling's Nextel telephone produced evidence of Petitioner's involvement in marijuana and cocaine/heroin trafficking. On April 5, 2006, $104,040 in U.S. currency was retrieved from a vehicle occupied by Petitioner and others during a "drive-by" surveillance of the "The Spot," the location believed by investigators to be a stash location for drugs and money. Thereafter, OCDETF investigators seized personal documents relating to Petitioner, an additional $32,000 in U.S. currency, two heat sealers with plastic bags, blue painter's tape identical to that found around the money in the vehicle, a STEN-type machine gun and silencer, five additional firearms and ammunition, and a bullet proof vest.

On October 2, 2006, Petitioner's jury trial commenced before this Court. The following day (October 3, 2006), Petitioner entered guilty pleas to all four charged counts pursuant to a written plea agreement. (*See* Appendix 1, outlining ECF 132: Plea Agreement at pages 8-19). The written plea agreement applied a total offense level of 38. The government agreed to

(5:06 CV 239)

recommend a two level reduction for acceptance of responsibility to level 36.  The parties agreed that the Court could consider the appropriateness of a three level reduction under the totality of the circumstances.

At the outset of the proceedings before this Court, Petitioner was represented by Attorneys Robert C. Meeker and Michael B. Bowler.  On November 2, 2006, Attorneys Meeker and Bowler filed a Motion to withdraw as counsel after being discharged by Petitioner.  On December 5, 2006, this Court granted the motion to withdraw, and appointed Roger K. Davidson as new counsel for Petitioner.

On December 8, 2006, Petitioner filed a *pro se* letter/motion to withdraw his guilty pleas. On December 14, 2006, this Court denied Petitioner's motion to withdraw the pleas.  On December 19, 2006, Davidson was replaced by newly retained counsel, Paul F. Adamson.

On December 27, 2006, Petitioner's sentencing hearing was conducted.  The revised Pre-Sentence Report (PSR), dated December 22, 2006, contained offense level calculations consistent with the terms of the plea agreement, except that it did not grant Petitioner a reduction for acceptance of responsibility.  The PSR further found Petitioner to be a criminal history II for total offense level of 38. The PSR indicated Petitioner's advisory United States Sentencing Guidelines (U.S.S.G.) range to be 262-327 months.  This Court sentenced Petitioner to 262 months incarceration, five years of supervised release following imprisonment, and a $400 special assessment.  On January 11, 2007,  Attorney Adamson filed a notice of appeal of the judgment entry of conviction and sentencing entered on January 2, 2007 on behalf of Petitioner.

(5:06 CV 239)

The Sixth Circuit Court of Appeals denied Petitioner's appeal. *See United States v. Spragling*, 279 Fed. Appx. 370, 2008 WL 2224807 (6th Cir. 2008).

On or about April 9, 2009, Spragling filed a motion pursuant 28 U.S.C. § 2255, which provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In support of Petitioner's motion pursuant to 28 U.S.C. § 2255, Petitioner raises three issues. First, Petitioner argues ineffective assistance of counsel, claiming that defense counsel failed to ensure that petitioner received and reviewed a copy of the PSR report in a timely manner. Second, Petitioner argues defense counsel failed to present credible evidence to the Court showing that petitioner was not part of the conspiracy that the government charged in the indictment. Third, Petitioner argues defense counsel failed to raise Petitioner's sentencing issue on appeal, constituting ineffective assistance of counsel in violation of Petitioner's sixth amendment rights.

## II. LAW AND ANALYSIS

Two components must be met before granting a convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction. *Strickland v. Washington*, 466 U.S. 668 (1984). "First, the defendant must show that counsel's performance was deficient which requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed to the defendant by the Sixth Amendment." *Strickland*,

-4-

(5:06 CV 239)

466 U.S. at 687. That is, a defendant must show that counsel's performance fell below an objective standard of reasonableness. *Lockart v. Fretwell*, 113 S. Ct. 838 (1993); *accord United States v. Cox*, 826 F.2d 1518, 1525 (6th Cir. 1987). Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, producing a result that is unreliable. *Strickland v. Washington*, 466 U.S. at 687.

In regard to the first component articulated in *Strickland*, scrutiny of defense counsel's performance must be "highly deferential." A reviewing court must ensure that "every effort is made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. Accordingly, there is a strong presumption that counsel's performance falls "within the wide range of reasonable professional assistance." *Id.* at 689; *Catches v. United States*, 582 F.2d 453 (8th Cir. 1978). Therefore, the petitioner bears the heavy burden of proving that his counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not considered strategy. *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986).

As to the second component, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Consequently, relief does not necessarily follow under *Strickland* when a defendant is able to overcome the "highly deferential" presumption of adequate assistance.

(5:06 CV 239)

**1. Petitioner's first claim presented in support of a motion pursuant to 28 U.S.C. § 2255 fails to demonstrate that counsel's assistance was so defective as to require a reversal of his conviction.**

In this case, Petitioner argues ineffective assistance of counsel, claiming that defense counsel failed to ensure that petitioner received and reviewed a copy of the PSR report in a timely manner. Petitioner received a copy of his PSR on the day of sentencing. Petitioner argues that he did not have adequate time to review and object to the PSR, and that had more time been given he could have "prepared a much more thorough and complete challenge" to the PSR's inaccuracies.

However, Petitioner fails to identify the inaccuracies, and also fails to establish they had any effect on his sentence. At sentencing, Petitioner affirmatively stated that he had reviewed the PSR. Moreover, Petitioner failed to make an objection about having inadequate time to review or object to material in the PSR. Nor did Petitioner attempt to make any corrections to the PSR.

Petitioner fails to meet either prong of the standard articulated in *Strickland*. First, "the defendant must show that counsel's performance was deficient which requires a showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Attorney Adamson filed a comprehensive set of objections to the PSR, which were included in the revised PSR and challenged the criminal conduct attributed to Petitioner, as well as the resulting U.S.S.G. sentencing computation. The objections raised by Attorney Adamson in regard to the PSR fall

-6-

(5:06 CV 239)

"within the wide range of reasonable professional assistance." *Id.* at 689; *Catches*, 582 F.2d at 453.

Even if Petitioner could establish the first prong of the standard articulated in *Strickland*, Petitioner also has the burden of satisfying the second prong of the test set forth in *Strickland* for his claim to succeed. Under the second prong, a petitioner must prove that he was prejudiced by the conduct of defense counsel. Here, Petitioner must prove that he was prejudiced by the sentencing court's reliance on erroneous information. *See*, *e.g.*, *United States v. Kovic*, 830 F.2d 680, 686 (7th Cir. 1987); *Inzone v. United States*, 707 F. Supp., 107, 110-111 (E.D.N.Y. 1989). However, Petitioner fails to demonstrate that any erroneous information was included in the PSR, and therefore fails to meet the second prong of the test articulated in *Strickland*. Therefore, the first issue raised by Petitioner in support of his 28 U.S.C. § 2255 motion fails to pass muster under the first and second prongs of the two-part test articulated in *Strickland*.

**2. Petitioner's second claim presented in support of a motion pursuant to 28 U.S.C. § 2255 fails to demonstrate that counsel's assistance was so defective as to require a reversal of his conviction.**

Petitioner argues that his counsel, Attorney Adamson, failed to present credible evidence to the Court showing that Petitioner was not part of the conspiracy charged in the indictment. Again, Petitioner fails to meet either prong of the standard articulated in *Strickland*.

To prevail on this second claim under the first prong of *Strickland*, "the defendant must show that counsel's performance was deficient which requires a showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. After Petitioner admitted to the criminal

-7-

(5:06 CV 239)

conduct in the written plea agreement and during the plea colloquy, and this Court did not permit a withdrawal of the plea, there was no longer an opportunity for Attorney Adamson to present evidence to the court showing that petitioner was not part of the conspiracy charged in the indictment.  A defendant "[o]rdinarily...is stuck with the representations that he makes in open court at the time of the plea."  *United States v. Padilla-Galarza*, 351 F.3d 594, 598 (1st Cir. 2003).

Nevertheless, Attorney Adamson attempted to no avail on appeal to vacate the conviction and/or obtain a re-sentencing of Petitioner.  Additionally, Attorney Adamson objected to paragraphs 12-24 of the PSR in which the Probation Officer summarized Petitioner's criminal conduct.  In regard to this second claim, the objections raised by Attorney Adamson in regard to the PSR and the appeal he sought were "within the wide range of reasonable professional assistance."  *Id.* at 689; *Catches*, 582 F.2d at 453.  Therefore, Petitioner's claim that his counsel was ineffective for failing "to present credible evidence to the Court showing that defendant was not part of the conspiracy charged in the indictment" fails to meet the first prong set forth in *Strickland*.

The result of the proceeding could not be expected to have been different even if Attorney Adamson had produced more evidence to demonstrate that Petitioner was not part of the conspiracy charged in the indictment because the plea agreement was voluntarily given and with no other infirmity.  (*See* Appendix 1, outlining ECF 132: Plea Agreement at pages 8-19).  Therefore, Petitioner fails to meet the second prong of the test articulated in *Strickland* and his second claim fails.

-8-

(5:06 CV 239)

**3. Petitioner's third claim presented in support of a motion pursuant to 28 U.S.C. § 2255 fails to demonstrate that counsel's assistance was so defective as to require a reversal of his conviction.**

Petitioner argues that defense counsel's failure to raise petitioner's sentencing issue on appeal constitutes ineffective assistance of counsel in violation of Petitioner's Sixth Amendment Rights. Petitioner argues that Amendment 709 to U.S.S.G. § 4A1.2, effective November 1, 2007, removed his 2003 conviction for non-support of dependents from the classification of offenses for which a "criminal history point" could be assessed. Petitioner argues that as a result of this amendment, the two points assessed under U.S.S.G. § 4A1.1 for committing the instant offense while under a criminal sentence (probation) should be eliminated. Consequently, Petitioner claims that had counsel appealed this issue, it would have resulted in making him a Criminal History Category I (235-293 months) instead of Criminal Category II (262-327 months).

To satisfy the first prong of the test set forth in *Strickland*, a petitioner must prove that he was prejudiced by the conduct of defense counsel. That is, in order to be entitled to relief, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

In regard to this third claim, Attorney Adamson has made no such errors. The amendment to U.S.S.G. § 4A1.2 went into effect after Petitioner's sentencing. Although the amendment went into effect during the pendency of Petitioner's appeal, it was not made retroactive. Moreover, Amendment 709 only affects "some misdemeanor and petty offenses," not Petitioner's fifth degree felony non-support conviction. Therefore, Attorney Adamson was

-9-

(5:06 CV 239)

not professionally deficient in failing to raise this issue on appeal.  *See generally Wilson v. McMacken*, 786 F.2d 216, 219 (6th Cir. 1986).

Because Amendment 709 is not retroactive, Petitioner's claim fails to satisfy the second prong of *Strickland* because he cannot "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Yet, Attorney Adamson did assert several viable arguments on appeal which would have resulted in a reduced sentence for Petitioner had he prevailed. Attorney Adamson's arguments were the following: (1) the trial court erred in determining the applicable guideline range at sentence by failing to award a reduction for Petitioner's Acceptance of Responsibility; and (2) the sentence imposed by the trial court was unreasonable and greater than necessary to comply with the purposes set forth in Title 18 U.S.C. § 3553 (a).  Although rejected by the Sixth Circuit, the arguments made by Attorney Adamson fall "within the wide range of reasonable professional assistance."  *Id.* at 689; *Catches*, 582 F.2d at 453.  Therefore, Petitioner does not meet the burden of proving that his counsel's representation was unreasonable under prevailing professional norms.  *Kimmelman*, 477 U.S. at 381.  Nor does Petitioner demonstrate that but for the alleged unprofessional error, the result of the proceeding would have been different.

### III. CONCLUSION

Petitioner's three claims supporting his 28 U.S.C. § 2255 motion to vacate, set aside or correct his 262 month prison sentence fail to satisfy the two-part test articulated in *Strickland*. First, Petitioner has failed to prove that counsel's performance was deficient and that counsel

(5:06 CV 239)

made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. *Strickland*, 466 U.S. at 668. Second, at no point in Petitioner's three claims is it demonstrated that counsel's errors were so serious as to deprive the defendant of a fair trial, producing a result that is unreliable. *Id*. Therefore, Petitioner's motion pursuant to 28 U.S.C. § 2255 is denied.

The Clerk is directed to mail a copy of this Memorandum Opinion and Judgment Entry to the Petitioner at his address of record.

IT IS SO ORDERED.

| | |
|---|---|
| 08/4/09 | *s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |