DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Michael Lashawn Spragling, | ) | |
| | ) | CASE NO. 5:13 CV 1611 |
| Petitioner-Defendant, | ) | (Criminal Case No. 5:06 CR 239) |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent-Plaintiff. | ) | |
| | ) | |

The petitioner-defendant, Michael Lashawn Spragling ("Spragling"), has filed on July 25, 2013 a petition for a writ of habeas corpus. Rule 4 of the Rules governing § 2255 proceedings provides that the assigned judge may give initial consideration to the petition seeking habeas relief.

The Court has reviewed the question as to whether the July 25, 2013 *pro se* petition for a writ of habeas corpus constitutes a successive § 2255 filing by the *pro se* petitioner.

The Court has checked on the previous § 2255 filings by the petitioner, and finds that the Court denied § 2255 relief on August 4, 2009. Subsequently, the Sixth Circuit filed a memorandum, opinion and order dismissing the initial § 2255 action filed by the petitioner and stated as follows:

> Michael LaShawn Spragling, a federal prisoner proceeding pro se, appeals a district court judgment denying his 28 U.S.C. § 2255 motion to vacate his sentence. Spragling has filed an application for a certificate of appealability under Fed. R. App. P. 22(b) and a motion to proceed in forma pauperis on appeal.
>
> In 2006, Spragling pleaded guilty to conspiring to distribute and to possess with the intent to distribute 100 kilograms or more of

(5:13 CV 1611;
Criminal Case No. 5:06 CR 239)

>marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B); conspiring to distribute and to possess with the intent to distribute five kilograms or more of cocaine, and one kilogram or more of heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A); engaging in a financial transaction with proceeds of a specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(A)(I); and possessing a prohibited firearm not registered to the defendant under the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. §§ 581(d) and 5871.  The district court sentenced Spragling to a total of 262 months of imprisonment and five years of supervised release.  A panel of this court affirmed Spragling's convictions and sentence.  *United States v. Spragling*, 279 F. App'x 370(6th Cir. 2008).
>
>In April 2009, Spragling filed a § 2255 motion arguing that counsel rendered ineffective assistance by:  1) failing to ensure that Spragling timely received and reviewed a copy of the presentence investigation report (PSR); 2) failing to present credible evidence to the district court showing that Spragling was not part of the charged conspiracy; and 3) failing to challenge on appeal the calculation of Spragling's criminal history category score in light of Amendment 709, that purportedly removed his 2003 conviction for non-support from being counted as part of his criminal history.  The district court denied the § 2255 motion as being without merit.
>
>A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitution right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  Spragling has not met this burden.  For the reasons stated by the district court, Spragling did not make a substantial showing that counsel rendered ineffective assistance.  *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  First, although Spragling claims that he did not have sufficient time to review the PSR, the record reflects that he did not make an objection based on inadequate time for review or attempt to correct any alleged incorrect information contained in the PSR.  Although counsel did not argue that the PSR contained "incorrect information," he did file numerous objections to the PSR, including a challenge to the criminal conduct attributed to Spragling and the resulting sentencing computation.  Under these

(5:13 CV 1611;
Criminal Case No. 5:06 CR 239)

>circumstances, Spragling simply has not make a substantial showing that he was prejudiced by not having more time to review the PSR. Second, counsel did not render ineffective assistance by failing to present evidence that Spragling took no part in the charged conspiracy in light of Spragling's guilty plea. Finally, counsel did not render ineffective assistance with respect to challenging Spragling's criminal history because Amendment 709 became effective after Spragling was sentenced and it has not been made retroactive. *See* USSG § 1B1.10.
>
>Accordingly, the application for a certificate of appealability is denied and the motion to proceed in forma pauperis is denied as moot.

The Court construes the above-described opinion of the Sixth Circuit as a denial of the first filed action seeking § 2255 relief.

Consequently, the latest *pro se* petition for §2255 relief and filed on July 25, 2013, is a successive petition and the same will be referred to the Sixth Circuit for its consideration.

The clerk shall mail a copy of this memorandum opinion to the petitioner-defendant at the address as shown on the docket.

IT IS SO ORDERED.

| | |
|---|---|
| July 30, 2013 | */s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |